ALEC S. BRACKEN (USB 17178)
CONTIGO LAW
PO BOX 249
Midvale, Utah 84047
Phone: 801-980-9430
Email: alec@contigo.law
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

Isaias Geovanny Arevalo Llumiguano,

Petitioner

v.

MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,

TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,

EVAN TJADEN, in his official capacity as Acting ICE Field Officer Director and current warden for purposes of habeas jurisdiction,

United States Immigration and Customs Enforcement.

Respondents

Civil No.: 2:26-cv-00883

SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

## I. INTRODUCTION

Plaintiff Isaias Geovanny Arevalo Llumiguano moves for a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65. He asks the Court to require Defendants to facilitate his return to the United States, restore the legal and procedural position he occupied before his removal, and release him from ICE custody upon return unless Defendants establish an independent, lawful basis for detention and provide the process required by law. Compl. ¶¶ 6, 8, 108 & Prayer for Relief ¶¶ D–F, ECF No. 1.

An Immigration Judge entered a removal order against Plaintiff on April 14, 2025. Plaintiff timely appealed, and the Board of Immigration Appeals ("BIA") acknowledged receipt of his appeal. Compl. ¶¶ 57–60, ECF No. 1. While that appeal remained pending, Plaintiff challenged his detention in a federal habeas action. The District of Wyoming ordered the Government to respond, but Defendants removed Plaintiff on June 11, 2026, before that action or the BIA appeal was resolved. *Id.* ¶¶ 62–63. Defendants then argued that his removal rendered the habeas action moot. *Id.* ¶¶ 63–66. EOIR continued to identify the BIA appeal as pending after the removal, and the BIA was still treating it as open on September 22, 2026. *Id.* ¶¶ 68–69.

Those allegations establish the basis for the requested emergency relief. Plaintiff alleges that Defendants executed his removal without a final, executable order and thereby disrupted his pending administrative appeal. Compl. ¶¶ 73–78, 92–94, 99–103, ECF No. 1. He remains outside the United States, separated from his family and counsel and unable to return without relief. *Id.* ¶¶ 69–70. An order facilitating his return would address that present injury; provisions governing custody and removal upon return would protect the restored procedural position while the Court decides this case. *Id.* ¶¶ 6, 8, 108 & Prayer for Relief ¶¶ D–G.

The requested custody protection is particularly important because Plaintiff was arrested, detained, and transferred through the immigration detention system before his removal. Compl. ¶¶ 20, 61–63, ECF No. 1. Plaintiff does not ask the Court to foreclose a genuinely new and lawful custody determination. He asks that his return not result in detention without an independent lawful basis and the process required by the Constitution, the INA, and applicable regulations. *Id.*, Prayer for Relief ¶ F.

Recent decisions in this District illustrate the need for effective relief when immigration custody or transfer threatens to frustrate judicial review. In *Poma Chiriboga v. Mullin*, the court ordered release after finding the custody at issue unlawful and barred renewed detention under the rejected theory. No. 2:26-cv-00760-JNP, slip op. at 7–15 (D. Utah Sept. 3, 2026). In *Torres-Moreno v. Mullin*, the court prohibited removal and required advance notice of transfer while it considered a challenge to immigration detention. No. 4:26-cv-00092-DN, slip op. at 2–5 (D. Utah Aug. 12, 2026). Here, Plaintiff seeks relief tailored to the claims pleaded in his Complaint: return from the challenged removal, protection of his pending BIA appeal, and safeguards against detention or another removal that would defeat meaningful review. Compl. ¶¶ 63, 68–70, 104–108 & Prayer for Relief ¶¶ D–G, ECF No. 1.

Because Plaintiff alleges that Defendants removed him during a pending BIA appeal and continues to suffer the consequences of that removal, the Court should grant temporary and preliminary relief preserving its ability to decide the lawfulness of Defendants' actions and provide an effective remedy. Compl. ¶¶ 58–60, 63, 68–70, 73–78, ECF No. 1.

## II. LEGAL STANDARD

A temporary restraining order or preliminary injunction requires Plaintiff to establish: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent preliminary relief; (3) that the threatened injury outweighs any harm the requested injunction may cause Defendants; and (4) that

the injunction would not be adverse to the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016).

Plaintiff seeks relief that would restore the legal and procedural position he occupied before Defendants' challenged removal, including facilitation of his return and immediate release from ICE custody upon return absent a new, independently lawful basis for detention. To the extent this relief is characterized as mandatory or as altering the status quo, Plaintiff acknowledges that he must make a strong showing on the likelihood-of-success and balance-of-harms factors. *See O Centro Espírita Beneficente União do Vegetal v. Ashcroft*, 389 F.3d 973, 975–76 (10th Cir. 2004) (en banc); *Schrier v. University of Colorado*, 427 F.3d 1253, 1258–59 (10th Cir. 2005).

The requested relief is within this Court's authority. The APA directs reviewing courts to "hold unlawful and set aside agency action" that is contrary to law, contrary to constitutional right, taken without observance of required procedure, or in excess of statutory authority. 5 U.S.C. § 706(2)(A)–(D). The Declaratory Judgment Act further authorizes the Court to declare the parties' rights and to grant "[f]urther necessary or proper relief" based on that declaration. 28 U.S.C. §§ 2201–2202.

The Supreme Court has confirmed that completed removal does not prevent a court from ordering prospective relief that restores the status quo after an unlawful removal. In *Noem v. Abrego Garcia*, the Court held that a district court properly required the Government to facilitate a wrongfully removed noncitizen's release abroad and ensure that his case would be handled as it would have been had he not been improperly removed. 145 S. Ct. 1003, 1005 (2025). The requested injunction is tailored to that authority: it preserves the Court's ability to adjudicate Plaintiff's claims, requires Defendants to remedy the consequences of the challenged removal, and bars renewed detention or removal absent lawful authority and constitutionally adequate process.

## III. ARGUMENT

### A. Plaintiff Is Substantially Likely to Succeed on the Merits.

Plaintiff is substantially likely to establish that Defendants removed him without lawful authority and that the Court may require restoration of the pre-removal status quo. Compl. ¶¶ 73–81, 104–108, ECF No. 1. The INA permits execution of removal only after the underlying order becomes administratively final. 8 U.S.C. § 1101(a)(47)(B); Compl. ¶¶ 26–29, ECF No. 1. An Immigration Judge's decision does not become final when a timely BIA appeal remains pending; finality occurs only when the BIA affirms the decision or when the period for taking an appeal expires without an appeal. 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1003.39; Compl. ¶¶ 27–29, 71–72, ECF No. 1.

Plaintiff timely appealed the Immigration Judge's decision, and the BIA acknowledged receipt of the appeal filed on April 25, 2025. Compl. ¶ 58 & Ex. 12, ECF No. 1. At the time Defendants removed Plaintiff, the BIA had not affirmed the Immigration Judge's decision, dismissed the appeal, or otherwise resolved the case. Plaintiff had not waived his appeal or submitted a written withdrawal. Compl. ¶¶ 60, 63, 74, 86, ECF No. 1. EOIR's own records continued to list the appeal as "pending" after his removal. *Id.* ¶¶ 68–69, 87 & Exs. 13–14. Defendants therefore lacked a final, executable removal order when they removed Plaintiff. *Id.* ¶¶ 78, 81, 88.

Defendants cannot cure that lack of authority by asserting that Plaintiff's compelled removal itself caused the appeal to be withdrawn. Compl. ¶¶ 75–76, 80, 89, ECF No. 1. A timely appeal stays execution of the Immigration Judge's decision absent waiver or an applicable exception. 8 C.F.R. § 1003.6(a); Compl. ¶¶ 77, 92–94, ECF No. 1. Defendants cannot execute removal despite that stay, rely on the resulting departure to extinguish the appeal, and then invoke the altered procedural posture as retroactive authorization for the removal. Compl. ¶¶ 75–80, 89, ECF No. 1. That interpretation would nullify both the statutory finality requirement and the regulatory stay.

Plaintiff is also likely to establish that the challenged removal was agency action "not in accordance with law," taken "without observance of procedure required by law," and "in excess of statutory jurisdiction [or] authority." 5 U.S.C. § 706(2)(A), (C), (D); Compl. ¶¶ 82–96, ECF No. 1. Removing Plaintiff while his appeal remained pending deprived him of the administrative review Congress provided, impaired his ability to participate in that proceeding with counsel, and imposed the very consequences Defendants now invoke against him. Compl. ¶¶ 6, 63–70, 99–102, ECF No. 1.

Plaintiff is likewise likely to succeed on his due-process claim. The Fifth Amendment protects noncitizens from deprivation of liberty without due process of law. *Reno v. Flores*, 507 U.S. 292, 306 (1993). Plaintiff possessed a protected interest in the timely appellate process the INA and regulations provide. Compl. ¶ 99, ECF No. 1. Defendants deprived him of that process by removing him before the BIA resolved his appeal and before the Immigration Judge's order became final. *Id.* ¶¶ 93–94, 100–103.

The requested return and release relief is legally available. *Noem v. Abrego Garcia* confirms that a completed unlawful removal does not prevent a federal court from requiring the Government to facilitate return and to handle the noncitizen's case as it would have been handled absent the improper removal. 145 S. Ct. 1003, 1005 (2025). The Complaint seeks precisely that restoration, including facilitation of Plaintiff's return and release upon return unless Defendants establish an independent, lawful basis for custody and provide the required process. Compl. ¶¶ 8, 107–108 & Prayer for Relief ¶¶ D–F, ECF No. 1. Plaintiff is therefore likely to establish both the unlawfulness of the removal and this Court's authority to order relief restoring the status quo ante.

Finally, Plaintiff requests protection against renewed ICE detention upon return without an independent lawful basis and the process required by law. Compl., Prayer for Relief ¶ F, ECF No. 1. He was arrested, detained, and transferred through the immigration detention system before Defendants

removed him while his BIA appeal and federal habeas action remained pending. *Id.* ¶¶ 61–63. In *Poma Chiriboga v. Mullin*, this District ordered immediate release, rather than a later custody hearing, after finding that the custody challenged in that case was unlawful at its inception. No. 2:26-cv-00760-JNP, slip op. at 12–15 (D. Utah Sept. 3, 2026). Here, Defendants may not use Plaintiff's return to impose custody without an independent lawful basis and the process required by the Constitution, the INA, and applicable regulations. Compl., Prayer for Relief ¶ F, ECF No. 1.

**B. Plaintiff Will Suffer Immediate and Irreparable Harm Without Emergency Relief.**

Plaintiff faces immediate and irreparable injury absent emergency relief. Defendants removed him from the United States on June 11, 2026, while his BIA appeal remained pending. Compl. ¶¶ 58–60, 63, 68–69, ECF No. 1. He remains outside the United States while Defendants continue to give legal effect to the challenged removal and prevent his return. *Id.* ¶¶ 6, 69–70. Each additional day prolongs the separation and procedural injuries alleged in the Complaint.

Plaintiff remains separated from his family, community, counsel, and legal interests in the United States. Compl. ¶ 70, ECF No. 1. His continued exclusion prolongs those injuries, which cannot be fully repaired by a later monetary award. *Id.* ¶¶ 6, 69–70, 101.

The removal also impairs Plaintiff's ability to participate meaningfully in his still-pending BIA appeal from the position he occupied before Defendants acted. Compl. ¶¶ 6, 68–70, 101, ECF No. 1. That injury is especially serious because the BIA's filing receipt warned that departure before a decision could cause the appeal to be deemed withdrawn. *Id.* ¶ 59 & Ex. 12. Plaintiff alleges that Defendants cannot invoke a withdrawal caused by the challenged removal to justify executing that removal or to deprive him of appellate review. *Id.* ¶¶ 75–80, 89, 100–102.

These harms are present, not speculative. Plaintiff remains outside the United States, separated from family and counsel, subject to the continuing consequences of the challenged removal, and unable

to return without relief. Compl. ¶¶ 6, 69–70, ECF No. 1. The Supreme Court has recognized that removal can impose serious consequences even when later relief may be available. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, Defendants removed Plaintiff while both his BIA appeal and federal habeas action remained pending, then argued that the removal rendered the habeas action moot. Compl. ¶¶ 62–66, ECF No. 1.

Relief addressing custody upon return is necessary to make restoration effective. Plaintiff was arrested and detained before the challenged removal, and the Complaint expressly requests release upon return unless Defendants establish an independent, lawful basis for custody and provide the process required by law. Compl. ¶¶ 61–63 & Prayer for Relief ¶ F, ECF No. 1. Without that protection, facilitating Plaintiff's return could place him back in ICE custody before the Court resolves whether Defendants lawfully removed him during his pending appeal.

**C. The Public Interest Favors an Injunction.**

The public has a compelling interest in ensuring that federal officers exercise immigration authority within the limits Congress established and comply with the Constitution. No public interest is served by enforcing a removal allegedly executed without a final, executable order, depriving Plaintiff of the administrative review Congress afforded, or continuing the consequences of that removal while its legality remains unresolved.

The requested injunction would advance, not frustrate, the public interest in orderly immigration enforcement. Plaintiff does not seek an adjudication of his removability, asylum claim, or BIA appeal on the merits. Nor does he ask the Court to prevent Defendants from exercising lawful immigration authority based on a new and independently valid custody determination. He seeks only to preserve the legal and procedural status quo, facilitate his return, and prevent renewed detention or removal without lawful authority and constitutionally adequate process.

The public also has a substantial interest in meaningful judicial review. Without interim relief, Defendants may rely on the consequences of the challenged removal to impair Plaintiff's BIA appeal, frustrate his ability to litigate this action, and potentially repeat the same custodial practices upon his return. An injunction ensures that the Court can decide the controversy on a complete record and provide effective relief if Plaintiff prevails.

Finally, the requested relief promotes respect for the rule of law and public confidence in the immigration system. As the Supreme Court recognized in *Noem v. Abrego Garcia*, federal courts may require the Government to facilitate relief and restore the procedural position that would have existed absent an improper removal. 145 S. Ct. 1003, 1005 (2025). Enjoining Defendants from perpetuating the consequences of an allegedly unlawful removal serves the public interest in accountable government and lawful administration of the immigration laws.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter a temporary restraining order, followed by a preliminary injunction, providing the following narrowly tailored relief:

A. Require Defendants to promptly facilitate Plaintiff's return to the United States, as soon as possible but no later than 14 days from this order, and to take all reasonable steps within their authority to effectuate that relief;

B. Upon Plaintiff's return, require Defendants to immediately release Plaintiff from ICE custody unless Defendants establish a new, independent, and lawful basis for detention, supported by the process required by the Constitution, the INA, and applicable regulations;

C. Enjoin Defendants from re-detaining Plaintiff based on the same custody determination, legal theory, or asserted authority that resulted in his prior allegedly unlawful arrest, detention, and removal;

D. Enjoin Defendants from removing Plaintiff from the United States while this action remains pending, unless and until removal proceedings are lawfully completed, Plaintiff receives the process required by law, and any resulting removal order becomes final and executable;

E. Require Defendants to preserve Plaintiff's existing BIA appeal and to refrain from treating the challenged removal as a basis to withdraw, dismiss, impair, or otherwise alter that appeal;

F. Enjoin Defendants from transferring Plaintiff outside the District of Utah upon his return without first providing Plaintiff and the Court at least 120 hours' written notice identifying the proposed location, the reason for transfer, and the asserted legal authority for continued custody;

G. Require Defendants to provide Plaintiff's counsel prompt written notice of Plaintiff's return, any intended custody decision, the location of any detention, and any proposed transfer or removal;

H. Require Defendants to preserve all records relating to Plaintiff's arrest, detention, transfer, removal, BIA appeal, custody determinations, and communications concerning his case; and

I. Grant such further temporary, preliminary, declaratory, and equitable relief as the Court deems just and proper.

DATED: September 29, 2026

Respectfully submitted,

/S/ ALEC S. BRACKEN
Alec S. Bracken (UT SBN 17178)
Contigo Law
P.O. Box 249
Midvale, UT 84047
Tel. (801) 676-6548
Email: alec@contigo.law

**Certificate of Service**

I, Alec S. Bracken, certify that a true and complete copy of this Petition was served on Respondents via email to the United States Attorney's Office for the District of Utah at:

Tyler Murray - Tyler.Murray2@usdoj.gov

Brad Blackham - Bradley.Blackham@usdoj.gov

Dated: September 29, 2026

Respectfully submitted,

/S/ ALEC S. BRACKEN
Alec S. Bracken (UT SBN 17178)
Contigo Law
P.O. Box 249
Midvale, UT 84047
Tel. (801) 676-6548
Email: alec@contigo.law

**Rule 65(b) Certification Regarding Notice**

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), undersigned counsel certifies that Defendants have received notice of Plaintiff Isaias Geovanny Arevalo Llumiguano's request for emergency injunctive relief.

The requested relief is directed to Defendants' ongoing enforcement of Plaintiff's allegedly unlawful removal and their anticipated custody decisions upon his return to the United States. Plaintiff seeks an order requiring Defendants to facilitate his return; preserve the status quo in his pending BIA appeal; immediately release him upon return absent a new, independent, and lawful basis for detention; and refrain from transferring or removing him while this action is pending without further order of the Court.

Prompt consideration is necessary because Plaintiff remains outside the United States, in the country from which he fears persecution, while separated from his family and counsel. His continued exclusion impairs his ability to meaningfully participate in and defend his still-pending BIA appeal. Further, absent interim relief, Defendants may return Plaintiff only to re-detain him under the same allegedly unlawful custody theory, transfer him away from counsel and this Court, or remove him again before the Court can adjudicate the legality of the challenged removal.

Plaintiff does not seek relief without notice. This certification documents the notice provided to Defendants and the circumstances requiring expedited judicial review.

Dated: September 29, 2026

Respectfully submitted,

/S/ ALEC S. BRACKEN
Alec S. Bracken (UT SBN 17178)
Contigo Law
P.O. Box 249
Midvale, UT 84047
Tel. (801) 676-6548
Email: alec@contigo.law