JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Isaias Geovanny Arevalo Llumiguano et. al.

**(b)** County of Residence of First Listed Plaintiff: UInta County

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Alec S. Bracken, Contigo Law, P.O. Box 249, Midvale, UT 84047, 801-980-9430

## DEFENDANTS

Markwayne Mullin, et. al

County of Residence of First Listed Defendant: Prince George

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☒ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 2241

Brief description of cause:
Pettiioners are being unlawfully denied bond.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 05/29/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Alec S. Bracken

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

TRAVIS HELM
THE LAW OFFICES OF TRAVIS HELM, LLC
121 Grand Ave, Ste. 212
Laramie, WY 82070
Phone: 307-460-2032
Email: admin@helmimmigration.com
Attorney for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| Isaias Geovanny Arevalo Llumiguano,<br><br>Diego Armando Agualongo Arevalo<br><br>Petitioners<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security,<br><br>TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,<br><br>KELEI WALKER, in her official capacity as ICE Field Officer Director,<br><br>BRENDEN MORROW, in his official capacity as the warden of the Uinta County Jail,<br><br>TODD BLANCHE, in his official capacity as the United States Attorney General,<br><br>The Executive Office for Immigration Review<br><br>United States Immigration and Customs Enforcement.<br><br>Respondents | Civil No.: 3:26-cv-174<br><br>VERIFIED PETITION FOR HABEAS CORPUS<br><br><u>IMMIGRATION HABEAS CASE</u> |

## INTRODUCTION

1. Isaias Geovanny Arevalo Llumiguano and  Diego Armando Agualongo Arevalo (Petitioners), by and through his undersigned counsel, hereby files this petition for a writ of habeas corpus. Isaias entered the United States on January 9, 2023 without inspection. Ex. 1. Diego entered the United States on April 30, 2024 without inspection. Ex. 2. Both Petitioners are is a native and citizen of Ecuador. Exs. 1 and 2.  Petitioners were arrested by ICE on May 27, 2025. Ex 3. Petitioners are currently being held at the Uinta County Jail in Wyoming. Exs. 4 and 5.

2. Removal proceedings were commenced against Isaias on January 28, 2023 when a Notice to Appear was filed with the Immigration Court. Ex. 1. Isaias was charged with being present without having been admitted or paroled. *Id*. Removal proceedings were commenced against Diego on May 1, 2024 when a Notice to Appear was filed with the Immigration Court. Ex. 2. Diego is charged with being present without having been admitted or paroled. *Id*.

3. Isaias filed for asylum on January 9, 2024. Ex. 6. On April 14, 2025, Isaias's asylum application was denied. Ex. 7. On April 25, 2025, Isaias appealed the immigration court's denial with the Board of Immigration Appeals. *Id*. This Appeal remains pending. On April 30, 2025, Diego submitted an application for asylum with the immigration court. Ex. 8. This application remains pending. Neither Petitioner has any criminal history that would result in their redetention or mandatory detention.

4. Under 8 U.S.C. § 1226(a), aliens who have been apprehended within the United States and placed in removal proceedings, other than arriving aliens, are generally eligible for a bond redetermination before an immigration judge. This statutory framework authorizes immigration officers to initially arrest and detain such individuals pending the outcome of their removal proceedings, while also permitting release on bond or conditional parole based on a discretionary

custody determination. These provisions apply to noncitizens who have been living within the United States, including those who entered without inspection or overstayed a lawful admission, and are designed to provide a neutral review of custody decisions. During this process, the individual may request a bond hearing before an immigration judge, who evaluates factors such as flight risk and danger to the community. If the immigration judge determines that release is appropriate, the judge may set bond or impose conditions of supervision. Importantly, this bond-redetermination mechanism does not extend to arriving aliens, who remain subject to the separate parole framework under 8 U.S.C. § 1182(d)(5), underscoring the distinct detention and release provisions applicable to different categories of noncitizens.

5. Under *Matter of Yajure Hurtado. 29 I&N Dec. 216, 225 (BIA 2025)*, the Department of Justice has taken the position that certain individuals who entered the United States without inspection (EWI) may be classified as "arriving aliens" for custody purposes, despite their physical presence in the interior. In that decision, the Board interpreted the regulatory definition of an arriving alien to include noncitizens encountered after having crossed the border without lawful admission, reasoning that such individuals have not been formally admitted and therefore remain applicants for admission under 8 U.S.C. § 1225. This interpretation allows DHS to process these individuals under the same detention framework applicable to arriving aliens, placing them in a category that is traditionally ineligible for bond redetermination by an immigration judge. As a result, individuals who EWI may be treated as subject to the mandatory detention and parole-only release scheme, rather than the discretionary bond review available to most non-arriving respondents. Importantly, this reading highlights DOJ's expansive view of the arriving-alien classification and its impact on custody jurisdiction within removal proceedings.

6. Under longstanding statutory and regulatory frameworks, the Board of Immigration Appeals' interpretation in *Matter of Hurtado*, classifying individuals who entered without inspection as "arriving aliens", is clearly erroneous because it conflicts with both the plain text of the Immigration and Nationality Act and the structure of the custody regulations. The INA expressly distinguishes between "arriving aliens," who present themselves at a port of entry, and individuals apprehended *after* entering the United States, who are instead treated as applicants for admission under 8 U.S.C. § 1225(a)(1) but are processed under the detention authority of 8 U.S.C. § 1226(a). The regulations reinforce this distinction by defining an arriving alien as one who is "coming to the United States" at a port of entry, not someone already present in the interior. By collapsing these categories, the BIA's interpretation disregards decades of regulatory practice and nullifies the purpose of § 1226(a), which is to provide a bond mechanism for individuals apprehended inside the country. Moreover, the BIA's reading produces absurd and untenable results, effectively rendering non-arriving-alien custody jurisdiction meaningless and undermining the statutory right to seek bond redetermination before an immigration judge. This demonstrates that the Board's expansive interpretation cannot be reconciled with the statutory text, regulatory definitions, or the broader scheme Congress enacted.

7. Because of the Department of Justice's and DHS's positions in *Matter of Hurtado* and *Matter of Q Li*, 29 I.&N. Dec. 66 (BIA 2025), it is effectively futile for individuals who entered without inspection to seek bond redetermination, as the policies in these cases dictate automatic ineligibility for arriving aliens. Under these interpretations, aliens who EWI are treated as arriving aliens for custody purposes, placing them squarely within the mandatory detention and parole-only framework of 8 U.S.C. § 1225(b) and outside the discretionary bond review afforded to non-arriving respondents under § 1226(a). Consequently, any attempt to request bond would almost certainly be denied by DHS, and an immigration judge would lack jurisdiction to override this classification. In practice, this means that,

as petitioners are EWI entrants, pursuing a bond application would be a fruitless exercise under current DOJ and DHS policy, and relief from detention must instead be sought through habeas actions.

8. Pursuant to *Loper Bright Enterprises v. Raimondo*, 603 U.S. ___ (2024), the Supreme Court held that federal courts must "exercise independent judgment" when interpreting statutes and may no longer defer to an agency's reasonable interpretation simply because a statute is ambiguous. Under this ruling, the BIA's prior interpretations, such as in *Matter of Hurtado* or *Matter of Q. Li*, cannot automatically command deference, particularly if those decisions rest on unexplained or arbitrary reasoning. By abolishing Chevron deference, *Loper Bright* empowers reviewing courts to scrutinize BIA policy choices on their merits, rather than rubber-stamping agency interpretations.

## **JURISDICTION AND VENUE**

9. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331, general federal question jurisdiction; 5 U.S.C. §§ 701 et seq., the Due Process Clause of the United States Constitution and the INA. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq. and the All Writs Act, 28 U.S.C. § 1651.

10. Federal district courts have jurisdiction to hear habeas claims by noncitizens challenging the lawfulness or constitutionality of DHS conduct. Federal courts are not stripped of jurisdiction under 8 U.S.C. § 1252. *See e.g., Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

11. Venue is proper pursuant to 28 U.S.C. § 1391(e) because Respondents are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; Petitioners are in the custody of the Uinta County Jail, which is in the jurisdiction of the Wyoming District Court and there is no real property involved in this action.

12. There is no requirement for exhaustion of administrative remedies in the present case as neither the habeas statute, 8 U.S.C. § 2241, nor the relevant sections of the INA require petitioners to exhaust administrative remedies before filing petitions for habeas corpus

**REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243**

13. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*.

14. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

15. Petitioners are "in custody" for the purpose of § 2241 because Petitioners are arrested and detained by Respondents.

**PARTIES**

**PETITIONER**

16. Petitioners are citizens of Ecuador currently in the custody of the Department of Homeland Security in Uinta County, Wyoming.

**RESPONDENTS**

17. Respondent Markwayne Mullin (Secretary Mullin) is the Secretary of the Department of Homeland Security, the parent agency of Immigration and Customs Enforcement which is currently detaining the Petitioner. Respondent Markwayne Mullin is sued in his official capacity as an agent of the United States Government.

18. Respondent Todd Lyons is the acting director of U.S. Immigration and Customs Enforcement, and he has authority over the actions of respondent Drew Bostock and ICE in general. Respondent Lyons is a legal custodian of Petitioner.

19. Respondent Kelei Walker is the Field Office Director of Immigration and Customs Enforcement. He is in charge of the custody of all Immigration and Customs Enforcement Detainees in the Wyoming District Court. Respondent Kelei Walker is sued in her official capacity as an agent of the United States Government.

20. Respondent Todd Blanche is the Attorney General of the United States, and as such has authority over the Department of Justice and is charged with faithfully administering the immigration laws of the United States. Todd Blanche is sued in his official capacity as an agent of the United States.

21. Respondent Executive Office for Immigration Review is the federal agency responsible for custody redeterminations relating to non-citizens charged with being removable from the United States.

22. Respondent Brenden Morrow is the warden of the Uinta County Jail and thus has custody over the Petitioner. Respondent Brenden Morrow is sued in his official capacity as an agent of the United States.

23. Respondent U.S. Immigration Customs Enforcement is the federal agency responsible for custody decisions relating to non-citizens charged with being removable from the United States, including the arrest, detention, and custody status of non-citizens.

**LEGAL FRAMEWORK**

24. Under 8 U.S.C. § 1226(a), aliens who have been apprehended within the United States and placed in removal proceedings, other than arriving aliens, are generally eligible for a bond redetermination before an immigration judge. This statutory framework authorizes immigration

officers to initially arrest and detain such individuals pending the outcome of their removal proceedings, while also permitting release on bond or conditional parole based on a discretionary custody determination. These provisions apply to noncitizens who have been living within the United States, including those who entered without inspection or overstayed a lawful admission, and are designed to provide a neutral review of custody decisions. During this process, the individual may request a bond hearing before an immigration judge, who evaluates factors such as flight risk and danger to the community. If the immigration judge determines that release is appropriate, the judge may set bond or impose conditions of supervision. Importantly, this bond-redetermination mechanism does not extend to arriving aliens, who remain subject to the separate parole framework under 8 U.S.C. § 1182(d)(5), underscoring the distinct detention and release provisions applicable to different categories of noncitizens.

## PROCEDURAL AND FACTUAL BACKGROUND

25. Isaias entered the United States on January 9, 2023 without inspection. Ex. 1. Diego entered the United States on April 30, 2024 without inspection. Ex. 2. Both Petitioners are is a native and citizen of Ecuador. Exs. 1 and 2. Petitioners were arrested by ICE on May 27, 2025. Ex 3. Petitioners are currently being held at the Uinta County Jail in Wyoming. Exs. 4 and 5.

26. Removal proceedings were commenced against Isaias on January 28, 2023 when a Notice to Appear was filed with the Immigration Court. Ex. 1. Isaias was charged with being present without having been admitted or paroled. *Id*. Removal proceedings were commenced against Diego on May 1, 2024 when a Notice to Appear was filed with the Immigration Court. Ex. 2. Diego is charged with being present without having been admitted or paroled. *Id*.

27. Isaias filed for asylum on January 9, 2024. Ex. 6. On April 14, 2025, Isaias's asylum application was denied. Ex. 7. On April 25, 2025, Isaias appealed the immigration court's denial with

the Board of Immigration Appeals. *Id*. This Appeal remains pending. On April 30, 2025, Diego submitted an application for asylum with the immigration court. Ex. 8. This application remains pending. Neither Petitioner has any criminal history that would result in their redetention or mandatory detention.

**CAUSES OF ACTION**

**1. FIRST CAUSE OF ACTION:**
**Violation of Fifth Amendment Right to Due Process**

28. Petitioners incorporate and reallege the allegations above.

29. The Due Process Clause of the Fifth Amendment to the U.S. Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. Amend. V. Due process protects "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693.57.

30. Here, the petitioners are being deprived of due process because DHS and DOJ categorically refuse to provide him a bond hearing, despite his placement in removal proceedings and the absence of any statutory bar to custody review. Under the INA, noncitizens in § 1226(a) proceedings are entitled to an individualized bond determination before a neutral adjudicator, and the Supreme Court has emphasized that civil immigration detention must include adequate procedural safeguards to satisfy the Fifth Amendment. Nevertheless, DHS has classified the petitioners as an "arriving alien" under *Matter of Hurtado* and *Matter of Q. Li* solely because he entered without inspection, and DOJ has adopted the position that immigration judges lack jurisdiction to review his custody. As a result, petitioners are denied the opportunity to be heard on whether his detention is justified—an essential element of due process under *Mathews v. Eldridge*, which requires meaningful notice and a fair opportunity to challenge government action. 424 U.S. 319 (1976). By withholding any mechanism for custody review,

DHS and DOJ have effectively imposed indefinite civil confinement without the procedural protections the Constitution demands, rendering petitioner's continued detention a clear violation of the Fifth Amendment.

**2. SECOND CAUSE OF ACTION:**
**Violation of the Immigration and Nationality Act**

31. Petitioners incorporate and reallege the allegations above.

32. The Immigration and Nationality Act (INA) sets forth specific circumstances under which the federal government may detain noncitizens. Under 8 U.S.C. § 1225(b)(1), arriving aliens may be detained pending a determination of admissibility, and under 8 U.S.C. § 1226(a), the Attorney General may take into custody aliens who are already in removal proceedings. Additionally, 8 U.S.C. § 1226(c) mandates detention for certain criminal aliens during removal proceedings. Once an alien is no longer subject to expedited removal, has completed credible fear proceedings, or does not fall within one of these statutory categories, the INA provides no authority for continued detention. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018).

33. Matter of *Hurtado* impermissibly expands the definition of "arriving alien" beyond the limits established by Congress, and therefore cannot serve as a basis to deny petitioners a bond hearing. The INA expressly distinguishes between individuals seeking admission at the border and those apprehended inside the United States, assigning the former to the § 1225(b) detention framework and the latter to the discretionary custody-and-bond provisions of § 1226(a). By collapsing these categories and treating entry-without-inspection as functionally equivalent to presenting at a port of entry, *Hurtado* rewrites the statutory scheme and nullifies Congress's deliberate decision to afford bond eligibility to non-arriving respondents. Because agency interpretations that contradict clear statutory text are invalid, DOJ and DHS cannot rely on *Hurtado* to deprive petitioners of custody review. Accordingly, petitioners must be placed within the statutory framework that governs his actual

circumstances, § 1226(a), and afforded an individualized bond hearing before a neutral adjudicator, as the INA requires.

34. Because petitioners do not fall within any statutory basis for mandatory detention under the INA, his continued confinement is ultra vires, and he should be given a bond hearing immediately.

## RESERVATION OF RIGHTS

Petitioners reserve the right to add additional allegations of agency error and related causes of action upon receiving the certified administrative record.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners requests that this Court grant the following relief:

A. Assume jurisdiction over the matter.

B. Declare Petitioners' detention without a possibility of bond unlawful pursuant to the due process clause and the Immigration and Nationality Act.

C. Order the Executive Office for Immigration Review to hold a bond hearing immediately.

D. Award Petitioners costs of suit and attorney's fees under the Equal Access to Justice Act, 42 U.S.C. § 1988 and any other applicable law;

E. Enter all necessary relief, injunctions, and orders as justice and equity as appropriate to remedy the harms to Petitioners;

F. Grant such further relief as this Court deems just and proper.

DATED: May 29, 2026

Respectfully submitted,

/S/ TRAVIS HELM
TRAVIS HELM
THE LAW OFFICES OF TRAVIS HELM, LLC
121 Grand Ave, Ste. 212
Laramie, WY 82070
Phone: 307-460-2032
Email: admin@helmimmigration.com
Attorney for Petitioners

/S/ ALEC S. BRACKEN
ALEC S. BRACKEN (USB 17178)
CONTIGO LAW
PO BOX 249
Midvale, Utah 84047
Phone: 801-980-9430
Email: alec@contigo.law
Attorney for Petitioners *pro hac vice forthcoming*

**Verification by Someone Acting on Petitioners' Behalf Pursuant to 28 U.S.C. 2242**

I am submitting this verification on behalf of Petitioners because I am one of Petitioners' Attorneys. I have discussed with Petitioners' family the events described in this Petition. I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

DATED: May 29, 2026

Respectfully submitted,

/S/ ALEC S. BRACKEN
ALEC S. BRACKEN (USB 17178)
CONTIGO LAW
PO BOX 249
Midvale, Utah 84047
Phone: 801-980-9430
Email: alec@contigo.law
Attorney for Petitioners